UNITED STATES DISTRICT COURT
for the
SOUTHER DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS BOLLINGER | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.:        3:17-cv-00949-DRH-SCW |
| | ) | |
| MEDICREDIT, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BARNES-JEWISH HOSPITAL | ) | |
| | ) | |
| Serve:     CSC-Lawyers Incorporating Service | ) | |
| Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, Missouri 65101 | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINITFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Thomas Bollinger, by and through the undersigned counsel, and for his First Amended Complaint against Defendants, MEDICREDIT, INC. , and BARNES-JEWISH HOSPITAL, ("BJH" and collectively with MEDICREDIT, INC., "Defendants"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**INTRODUCTION**

1. Plaintiff Thomas Bollinger brings this action to secure redress for unlawful collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION

7. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

8. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

9. Personal jurisdiction is proper because Defendant's collection letter was received by Plaintiff in .

## STANDING

10. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

11. Defendants attempts to collect the alleged debt violated the FDCPA.

12. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries

and articulate chains of causation that will give rise to a case or controversy where none existed before.); <u>Bellwood v. Dwivedi</u>, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]'").

13. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

14. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

15. Plaintiff, Thomas Bollinger (hereafter "Plaintiff"), is a natural person currently residing in Swansea, Illinois, St. Clair County.

16. Defendant has been attempting to collect an alleged health care debt from Plaintiff. Any such debt is one for personal, family or household purposes. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

17. Defendant MEDICREDIT, INC. is a corporation organized under Missouri law with its principal place of business located at 3620 I-70 Drive SE, Suite C, Columbia, Missouri, 65201.

It does business in Illinois. Its registered agent and office is STK Registered Agent, Inc., 900 W. 48th Street, Suite 900, Kansas City, MO, 64112.

18. MEDICREDIT, INC. regularly seeks to collect delinquent consumer debts allegedly owed to others.

19. MEDICREDIT, INC. uses the mails and telephone system in conducting its business.

20. MEDICREDIT, INC. holds a collection agency license from the State of Illinois.

21. MEDICREDIT, INC. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and sought to collect a consumer debt from Plaintiff, Thomas Bollinger.

22. Defendant, BJH is a non-profit domestic corporation in the State of Missouri located at One Barnes-Jewish Hospital Plaza, St. Louis, Missouri 63101, and it may be served with process at its registered agent: CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

## FACTUAL ALLEGATIONS

23. Defendant is attempting to collect from Plaintiff an alleged health care bill on behalf of Barnes-Jewish Hospital.

24. Barnes-Jewish Hospital is located in St. Louis, Missouri.

25. On September 30, 2016, Plaintiff Tom Bollinger was injured in a work-related accident. Following his work-related accident, he received medical services from Barnes-Jewish Hospital.

26. That on or before January 2017, Julie Nuesse, workers' compensation claims adjuster for Liberty Mutual Insurance Company, contacted BJH. Ms. Nuesse notified BJH that Liberty Mutual Insurance Company was the responsible party for the account with Barnes-Jewish Hospital (account listed on Exhibit 1).

4

27. On or about March 21, 2017, MEDICREDIT, INC sent Plaintiff the collection letter attached as Exhibit 1.

28. Exhibit 1 was the first letter Plaintiff received from MEDICREDIT, INC concerning the alleged debt described therein.

29. On information and belief, based on its contents, Exhibit 1 was the first letter MEDICREDIT, INC sent to Plaintiff concerning the alleged debt described therein.

30. On information and belief, based on its contents ("has been referred to MEDICREDIT, INC. for the purpose of securing payment" and the FDCPA "notice of debt") the alleged debt described in Exhibit 1 was contractually overdue at the time MEDICREDIT, INC. first became involved with it.

31. On March 31, 2017, Ms. Nuesse called BJH and notified them that Liberty Mutual Insurance was the responsible party for the account listed in Exhibit 1.

32. On March 31, 2017, Ms. Nuesse called MEDICREDIT, INC. and notified them that Liberty Mutual Insurance was the responsible party.

33. On or about April 3, 2017, Ms. Nuesse once again spoke with BJH and notified them that Liberty Mutual Insurance Company was the responsible party for the account with Barnes-Jewish Hospital (See Exhibit 1).

34. On or about April 7, 2017, Ms. Nuesse followed up yet again with BJH to verify that Defendants had the proper information for the account.

35. Defendants knew, or should have known, that Plaintiff was not responsible for the alleged debt. Nonetheless, Defendants continued to aggressively attempt to collect the alleged debt from Plaintiff.

36. On April 25, 2017, MEDICREDIT, INC. once again contacted Plaintiff via phone. The representative from Defendant MEDICREDIT, INC. requested Plaintiff's date of birth and address.

37. MEDICREDIT, INC. attempted to collect a debt that Plaintiff was not the responsible party for.

38. Furthermore, MEDICREDIT, INC.'s letter failed to notify Mr. Bollinger of the name of the original creditor to whom the debt is owed and further failed to identify the current creditor. The Letter merely states that Barnes Jewish Hospital has placed the account with Defendant with the full intention of collecting the account. Further, the subject line only reads "RE: BARNES JEWISH HOSPITAL." Barnes Jewish Hospital isn't even listed as the original creditor on the account, much less the current creditor.

39. 15 U.S.C. § 1692g(a)(2), and corresponding case law, indicate that the letter must clearly denote both the original creditor and the current creditor, if different from the original creditor. The letter does neither and therefore violates the FDCPA. See, Janetos v. Fulton, Friedman & Gullace, LLP, 825 F.3d 317 (7th Cir. 2016) (granting summary judgment for plaintiff in FDCPA class action where defendant's letter failed to specifically identify the name of the current creditor).

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

41. The unsophisticated consumer would have been misled by Defendant's collection efforts.

42. Both Defendants knew, or should have known, that the debt they were attempting to collect was not valid and that they were making a false representation of the character, amount, or legal status of the debt.

43. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

44. Defendants' communications regarding this alleged debt were materially false, deceptive, and misleading.

45. Under the "least sophisticated consumer" standard, a gullible and naïve consumer would easily be confused as to whether or not they actually owed the alleged debt based on Defendants' collection efforts.

46. Defendants' collection efforts only served to confuse and mislead the consumer.

47. BJH exercised control over MEDICREDIT, INC.'s conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

48. BJH is vicariously liable for MEDICREDIT, INC.'s actions as they had agency over determining the responsible party of the alleged debt that the debt collector, MEDICREDIT, INC., was allowed to attempt to collect on their behalf.

49. MEDICREDIT, INC. would not legally be allowed to collect a certain debt from a party on behalf of the hospital if BJH had not in fact given them approval or agency to act on their behalf to collect the amount the hospital gave them permission to collect.

50. Upon information and belief, BJH gave MEDICREDIT, INC. the green light, and thus agency, to attempt to collect an invalid amount from a non-responsible party.

**COUNT I: Violations Of § 1692e Of The FDCPA – False or Misleading Representations**

51. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

52. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2), § 1692e(5), and § 1692e(10).

53. Defendants attempted to collect an alleged debt which it knew, or should have known, Plaintiff was not responsible for.

54. Defendants knew, or should have known, that Defendants did not have a legal right to attempt to collect this debt from Plaintiff.

55. Collectively, Defendants' collection activities were materially false, misleading, and deceptive.

56. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Thomas Bollinger, prays that this Court:

    A. Declare that Defendant's debt collection actions violate the FDCPA;

    B. Enter judgment in favor of Plaintiff Thomas Bollinger, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C. Grant such other and further relief as the Court deems proper.

## COUNT II: Violations Of § 1692d, 1692e, & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

57. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

58. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status. Defendants also repeatedly attempted to collect the alleged debt from Plaintiff even though it knew that Plaintiff was not responsible for the alleged debt.

60. MEDICREDIT, INC.'s collection letter, as indicated in Exhibit 1, was meant to shame, embarrass, and harass Plaintiff. Exhibit 1 included a "Last Payment Date" which indicated that Plaintiff had last made a payment on 00/00/0000. MEDICREDIT, INC.'s internal file regarding Plaintiff would certainly reveal the last payment date, if any, and therefore the information is totally unnecessary for MEDICREDIT, INC.'s to include in the letter. MEDICREDIT, INC.'s only included this information in the letter to demoralize, humiliate, degrade, embarrass, or intimidate Plaintiff into making a payment on an alleged debt that he did not owe.

61. Section 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. Defendant's violations of § 1692d, § 1692e, and § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas Bollinger, prays that this Court:

A.  Declare that Defendant's debt collection actions violate the FDCPA;

B.  Enter judgment in favor of Plaintiff Thomas Bollinger, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.  Grant such other and further relief as the Court deems proper.

### COUNT III: Violations Of § 1692g – Validation of Debts

63. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

64. The letter, represented as Exhibit 1, does not include the 15 U.S.C. § 1692g(a)(2) notice, which requires:

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

65. Defendant's violations of § 1692g of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas Bollinger, prays that this Court:

A.  Declare that Defendant's debt collection actions violate the FDCPA;

B.  Enter judgment in favor of Plaintiff Thomas Bollinger, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.  Grant such other and further relief as the Court deems proper.

Dated: January 18, 2018

Respectfully Submitted,

**HALVORSEN KLOTE**

**/s/ Gregory M. Klote**

By:  _____

Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road
Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
greg@hklawstl.com

*Attorneys for Plaintiff*